UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SAMUEL DANIEL PALOMINO,<br><br>Plaintiff,<br><br>v.<br><br>DR. MICHAEL K. MINDORO, et al.,<br><br>Defendants. | Case No. 18-CV-02359 LHK (PR)<br><br>**ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner proceeding *pro se*, filed a federal civil rights complaint. On May 18, 2018, the court dismissed the complaint with leave to amend because plaintiff did not state a cognizable claim for relief. On July 30, 2018, plaintiff filed an amended complaint. For the reasons stated below, the court dismisses the amended complaint.

**DISCUSSION**

A.  Standard of review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1988).

B. <u>Analysis</u>

In plaintiff's original complaint, plaintiff alleged that on October 10, 2015, while plaintiff was housed at Wasco State Prison, plaintiff saw Dr. Obie Hicks, a psychiatrist. In Dr. Hicks' medical notes, Dr. Hicks wrote "Please refer to primary care services. . . . Please evaluate medical causes of Hyponatremia and Anemia." Dkt. No. 1, Ex. B. On December 2, 2015, plaintiff was transferred from Wasco State Prion to Correctional Training Facility. Defendant Dr. Mindoro was assigned as plaintiff's primary care provider. Dr. Mindoro focused on treating plaintiff's diabetes and did not follow Dr. Hicks' recommendation to evaluate the medical causes of plaintiff's hyponatremia or anemia. On April 11, 2017, plaintiff was diagnosed with multiple myeloma, which is a cancer of the bone. Plaintiff alleged that if Dr. Mindoro had "conducted a prompt evaluation of the medical causes of hyponatremia and anemia as recommended by Dr. Hicks," plaintiff likely would not have damage to his bones.

Upon review, the court dismissed the complaint with leave to amend. The court provided plaintiff with the elements to state a claim for an Eighth Amendment violation alleging deliberate indifference to serious medical needs. The court informed plaintiff that if plaintiff could provide facts showing that defendant was aware of Dr. Hick's recommendation to evaluate the medical causes of plaintiff's hyponatremia and anemia but failed to act, plaintiff could file an amended complaint. The court warned plaintiff that he must provide facts from which it could be inferred that defendant was aware that plaintiff faced a substantial risk of serious harm if defendant failed to act.

Plaintiff has filed an amended complaint. In the amended complaint, plaintiff again names Dr. Mindoro as a defendant, and adds Dr. Hicks as a defendant. Unfortunately, plaintiff still does

not provide facts showing that Dr. Mindoro was aware of Dr. Hick's recommendation to evaluate the medical causes of plaintiff's hyponatremia and anemia and failed to act. In fact, plaintiff claims the opposite. In the amended complaint, plaintiff alleges that Dr. Mindoro "failed to review plaintiff's health record" and recommendations of Dr. Hicks. Dkt. No. 11 at 6. A failure to review an inmate's health record, without an allegation that defendant was aware of facts from which it could be inferred that a substantial risk of harm existed, amounts only to negligence. A claim of medical malpractice or negligence is insufficient to make out a violation of the Eighth Amendment. *See Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004); *see, e.g.*, *Cottingham v. Nangalama*, Case No. 12-cv-1002 KJN P, 2012 WL 1981452, *3 (E.D. Cal. June 1, 2012) (a prisoner's allegation that defendant doctor was deliberately indifferent for failing to review plaintiff's medical records dismissed because it stated nothing more than negligence claim).

Plaintiff alleges that defendant Dr. Mindoro was deliberately indifferent when Dr. Mindoro "fail[ed] to make a professional judgment on the basis that low levels of sodium, potassium, calcium, low levels of red blood count, and low levels of hemoglobin . . . clearly suggested that plaintiff's health was in risk." *Id.* at 7. However, the February 9, 2016 medical record attached to plaintiff's amended complaint show that plaintiff's sodium, potassium, and calcium levels were within the normal range. Dkt. No. 11, Ex. D.

In sum, plaintiff has not provided any facts sufficient to demonstrate what the serious medical need was that he believes Dr. Mindoro failed to treat. There are no facts to suggest that Dr. Mindoro knew plaintiff faced a substantial risk of serious harm or that Dr. Mindoro disregarded such a risk. The court previously explained to plaintiff why this claim was deficient, and plaintiff has failed to correct the deficiency. The court's May 18, 2018 order of dismissal with leave to amend warned plaintiff that if plaintiff failed to file a proper amended complaint, the case would be dismissed. Even with an opportunity to amend, plaintiff has failed to allege facts

Case No. 18-CV-02359 LHK (PR)
ORDER OF DISMISSAL

3

sufficient to state a cognizable claim against Dr. Mindoro. Accordingly, plaintiff's claim against Dr. Mindoro is DISMISSED with prejudice. Although Federal Rule of Civil Procedure 15(a) is to be liberally applied in favor of amendments in general, the court finds that giving plaintiff leave to amend a second time would be an exercise in futility. *See Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994); *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 538 (9th Cir. 1989) ("Leave to amend need not be given if a complaint, as amended, is subject to dismissal.").

With respect to Dr. Hicks, the court dismisses the claim against Dr. Hicks without prejudice for improper venue. Venue generally is proper in a judicial district in which: (1) any defendant resides, if all defendants are residents of the state in which the district is located; (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) any defendant is subject to the court's personal jurisdiction, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(b). Here, Dr. Hicks is employed at Wasco State Prison and the events complained of occurred at Wasco State Prison. Wasco is located in Kern County, which is in the Eastern District of California. Should plaintiff wish to pursue a claim against Dr. Hicks, the proper venue in which to file suit is the U.S. District Court for the Eastern District of California. Thus, plaintiff's claim against Dr. Hicks is DISMISSED without prejudice to refiling it in a new complaint in the U.S. District Court for the Eastern District of California.

## CONCLUSION

Plaintiff's amended complaint is DISMISSED. The claim against Dr. Mindoro is dismissed with prejudice. Plaintiff's claim against Dr. Hicks is dismissed without prejudice. The clerk shall terminate all pending motions and close the file.

**IT IS SO ORDERED.**

DATED: 11/5/2018

LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-02359 LHK (PR)
ORDER OF DISMISSAL

4