UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAMUEL DANIEL PALOMINO,

Plaintiff,

v.

DR. MICHAEL K. MINDORO, et al.,

Defendants.

Case No. 18-CV-02359 LHK (PR)

**ORDER REVOKING *IN FORMA PAUPERIS* STATUS**

Before the Court is a referral from the Ninth Circuit Court of Appeals for a determination of whether *in forma pauperis* ("IFP") status should continue for this appeal or whether the appeal is frivolous or taken in bad faith. Dkt. No 19.

**I. BACKROUND**

This closed federal civil rights action, which is currently on appeal, was filed by a *pro se* state prisoner. This suit was reassigned from a magistrate judge to the undersigned in light of a recent Ninth Circuit decision.[1]

---

[1] *Williams v. King*, 875 F.3d 500, 503 (9th Cir. 2017) (magistrate judge lacked jurisdiction to dismiss case on initial screening because unserved defendants had not consented to proceed before magistrate judge).

Case No. 18-CV-02359 LHK (PR)
ORDER REVOKING IFP STATUS

1

In the original complaint, plaintiff only named one Defendant: Dr. Michael K. Mindoro. Plaintiff alleged that on October 10, 2015, while plaintiff was housed at Wasco State Prison, plaintiff saw Dr. Obie Hicks, a psychiatrist. In Dr. Hicks' medical notes, Dr. Hicks wrote "Please refer to primary care services. . . . Please evaluate medical causes of Hyponatremia and Anemia." Dkt. No. 1, Ex. B. On December 2, 2015, plaintiff was transferred from Wasco State Prion to Correctional Training Facility. Dr. Mindoro was assigned as plaintiff's primary care provider. Plaintiff alleged that Dr. Mindoro focused on treating plaintiff's diabetes and did not follow Dr. Hicks' recommendation to evaluate the medical causes of plaintiff's hyponatremia or anemia. On April 11, 2017, plaintiff was diagnosed with multiple myeloma, which is a cancer of the bone. Plaintiff alleged that if Dr. Mindoro had "conducted a prompt evaluation of the medical causes of hyponatremia and anemia as recommended by Dr. Hicks," plaintiff likely would not have damage to his bones.

On May 18, 2018, United States Magistrate Judge Sallie Kim granted plaintiff's motion for leave to proceed IFP. Dkt. No. 5.

Also on May 18, 2018, Judge Kim dismissed the original complaint with leave to amend because plaintiff did not state a cognizable claim for relief. Dkt. No. 6. Judge Kim provided plaintiff with the elements to state a claim for an Eighth Amendment violation alleging deliberate indifference to serious medical needs. Judge Kim informed plaintiff that if plaintiff could provide facts showing that Dr. Mindoro was aware of Dr. Hick's recommendation to evaluate the medical causes of plaintiff's hyponatremia and anemia but failed to act, plaintiff could file an amended complaint. Judge Kim warned plaintiff that he must provide facts from which it could be inferred that Dr. Mindoro was aware that plaintiff faced a substantial risk of serious harm if defendant failed to act.

On July 30, 2018, plaintiff filed an amended complaint. Dkt. No. 11. In the amended complaint, plaintiff named Drs. Mindoro and Hicks as defendants. Plaintiff alleged that Dr.

Mindoro "failed to review plaintiff's health record" and the recommendations of Dr. Hicks. Dkt. No. 11 at 6. Plaintiff further alleged that Dr. Mindoro acted with deliberate indifference by "failing to make a professional judgment on the basis that low levels of sodium, potassium, calcium, low levels of red blood count, and low levels of hemoglobin . . . clearly suggested that plaintiff's health was in risk." *Id.* at 7. However, the February 9, 2016 medical record attached to plaintiff's amended complaint shows that plaintiff's sodium, potassium, and calcium levels were within the normal range. Dkt. No. 11, Ex. D.

Thereafter, as indicated above, this case was reassigned to the undersigned judge. Dkt. Nos. 12, 13.

On November 5, 2018, the Court dismissed the amended complaint for failure to state a cognizable claim under 42 U.S.C. § 1983. Dkt. No. 14. Specifically, the Court determined that plaintiff had "not provided any facts sufficient to demonstrate what the serious medical need was that he believe[d] Dr. Mindoro failed to treat." *Id.* at 3. Specifically, the Court found that plaintiff failed to provide facts showing that Dr. Mindoro was aware of Dr. Hick's recommendation to evaluate the medical causes of plaintiff's Hyponatremia and Anemia and failed to act. The Court noted that plaintiff had claimed the opposite. In the amended complaint, plaintiff alleged that Dr. Mindoro "failed to review plaintiff's health record" and the recommendations of Dr. Hicks. Dkt. No. 11 at 6. Therefore, the Court pointed out that "[a] failure to review an inmate's health record, without an allegation that defendant was aware of facts from which it could be inferred that a substantial risk of harm existed, amount[ed] only to negligence." Dkt. No. 14 at 3. The Court determined that a claim of medical malpractice or negligence was insufficient to establish a violation of the Eighth Amendment. *See id.* (citing *Toguchi v. Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004)); s*ee, e.g.*, *Cottingham v. Nangalama*, Case No. 12-cv-1002 KJN P, 2012 WL 1981452, \*3 (E.D. Cal. June 1, 2012) (a prisoner's allegation that defendant doctor was deliberately indifferent for failing to review plaintiff's medical records dismissed because it stated

Case No. 18-CV-02359 LHK (PR)
ORDER REVOKING IFP STATUS

3

nothing more than negligence claim). Thus, the Court concluded that there were no facts to suggest that Dr. Mindoro knew plaintiff faced a substantial risk of serious harm or that Dr. Mindoro disregarded such a risk. The Court noted that Judge Kim had previously explained to plaintiff why this claim was deficient, and thus the Court determined that plaintiff had failed to correct the deficiency. The Court further noted that Judge Kim's May 18, 2018 order of dismissal with leave to amend warned that if plaintiff failed to file a proper amended complaint, the case would be dismissed. Thus, the Court dismissed plaintiff's claim against Dr. Mindoro upon concluding that, even with an opportunity to amend, plaintiff had failed to allege facts sufficient to state a cognizable claim against Dr. Mindoro.

With respect to Dr. Hicks, the Court dismissed the claim against Dr. Hicks without prejudice for improper venue because Dr. Hicks was employed at Wasco State Prison in Kern County, which is in the Eastern District of California, and the events complained of also occurred at Wasco State Prison. *See id.* at 4 (citing 28 U.S.C. § 1391(b)). The Court informed plaintiff that if he wished to pursue a claim against Dr. Hicks, the proper venue in which to file suit was the United States District Court for the Eastern District of California. Thus, the Court dismissed plaintiff's claim against Dr. Hicks without prejudice to refiling it in a new complaint in the United States District Court for the Eastern District of California.

On December 7, 2018, Plaintiff filed a notice of appeal. Dkt. Nos. 16, 18.

As mentioned above, in a Referral Notice dated December 21, 2018, the Ninth Circuit referred this case to this Court "for the limited purpose of determining whether [IFP] status should continue for this appeal or whether the appeal is frivolous or taken in bad faith." Dkt. No 19.

**II.  DISCUSSION**

**A.  Procedure for Prisoners Seeking Leave to Proceed IFP on Appeal**

A prisoner must seek leave to proceed IFP on appeal in the district court. *See* Fed. R. App. P. 24(a). If the prisoner was granted leave to proceed IFP by the district court and that status has

Case No. 18-CV-02359 LHK (PR)
ORDER REVOKING IFP STATUS
4

not been revoked at the time of the appeal, the Ninth Circuit will issue a referral notice to the district court pursuant to 28 U.S.C. § 1915(a)(3) asking the court whether the appeal is frivolous and not taken in good faith, which is what happened in the instant matter. If the district court finds that the appeal is taken in good faith and is not inclined to revoke the prisoner's IFP status, such status will continue on appeal pursuant to Fed. R. App. P. 24(a)(3). As in the district court, a prisoner proceeding IFP on appeal will be required to pay the full filing fee. *See* 28 U.S.C. § 1915(b)(1).

If the district court finds that the appeal is frivolous and not taken in good faith and revokes IFP status, the Ninth Circuit will conduct an independent review of the record to determine whether the appeal is frivolous. The Ninth Circuit will decide whether to grant the prisoner IFP status, notwithstanding a certification by the district court under § 1915(a)(3). For example, the Ninth Circuit has held that a prisoner may challenge a district court's § 1915(a)(3) certification by filing a motion in the appellate court pursuant to Rule 24(a)(5) of the Federal Rules of Appellate Procedure.[2] *See O'Neal v. Price*, 531 F.3d 1146, 1150 (9th Cir. 2008). "If upon review of the record [the Ninth Circuit] determine[s] that the district court erred in making a § 1915(a)(3) certification, [the Ninth Circuit] may vacate the district court's certification, grant the prisoner leave to take an appeal IFP, and construe the prisoner's motion as a timely notice of appeal." *Id.* (citing 28 U.S.C. § 2106). Having set aside the district court's certification, § 1915(a)(3) poses no bar to the Ninth Circuit's consideration of prisoner's claims on the merits. *Id.*

However, if IFP status is denied by the Ninth Circuit, the prisoner will nonetheless be

---

[2] Rule 24(a)(5) states that "[a] party may file a motion to proceed on appeal [IFP] in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4). The motion must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action. If no affidavit was filed in the district court, the party must include the affidavit prescribed by Rule 24(a)(1)." Fed. R. App. P. 24(a)(5).

Case No. 18-CV-02359 LHK (PR)
ORDER REVOKING IFP STATUS

5

1 directed to pay the entire filing fee and to show cause why the appeal should not be dismissed as
2 frivolous. *See* 28 U.S.C. § 1915(e)(2).

### B. Analysis

Here, Plaintiff is appealing this Court's order dated November 5, 2018 which dismissed the amended complaint for failure to state a claim for relief. Dkt. No. 14. As explained above, the Court had found that plaintiff failed to provide facts showing that Dr. Mindoro was aware of Dr. Hick's recommendation to evaluate the medical causes of plaintiff's Hyponatremia and Anemia and failed to act. Dkt. No. 14 at 3. In its November 5, 2018 order, the Court pointed out that Dr. Mindoro's alleged failure to review an inmate's health record, without an allegation that Dr. Mindoro was aware of facts from which it could be inferred that a substantial risk of harm existed, amounted only to negligence. *See id.* The Court determined that such a claim of negligence was insufficient to establish a violation of the Eighth Amendment. *Id.* (citing *Toguchi*, 391 F.3d at 1059-60). Thus, the Court properly concluded that no facts existed to suggest that Dr. Mindoro knew plaintiff faced a substantial risk of serious harm or that Dr. Mindoro disregarded such a risk, and thus the Court dismissed plaintiff's claim against Dr. Mindoro. Dkt. No. 14 at 3. In addition, the Court properly dismissed the claim against Dr. Hicks without prejudice for improper venue because the proper venue in which to file suit was the United States District Court for the Eastern District of California. For these aforementioned reasons, this Court finds that the appeal is not taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3) and is therefore frivolous. *See* Fed. R. App. P. ("FRAP") 24(a)(3)(A); *Ellis v. United States*, 356 U.S. 674, 674-75 (1958); *Hooker v. American Airlines*, 302 F.3d 1091, 1092 (9th Cir. 2002); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous). Accordingly, Plaintiff's IFP status is hereby REVOKED.

### III. CONCLUSION

For the foregoing reasons, the Court REVOKES Plaintiff's IFP status.

Case No. 18-CV-02359 LHK (PR)
ORDER REVOKING IFP STATUS

6

The Clerk of the Court shall forthwith notify Plaintiff and the Court of Appeals of this Order. *See* FRAP 24(a)(4). Plaintiff may file a motion for leave to proceed IFP on appeal in the Court of Appeals within thirty days after service of notice of this Order. *See* FRAP 24(a)(5). Any such motion "must include a copy of the affidavit filed in the district court and the district court's statement of reasons for its action." *Id.*

**IT IS SO ORDERED.**

DATED: January 9, 2019

*Lucy H. Koh*
LUCY H. KOH
UNITED STATES DISTRICT JUDGE

Case No. 18-CV-02359 LHK (PR)
ORDER REVOKING IFP STATUS
7